IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA FISHER | * |
| Plaintiff, | * |
| v. | * Civil No. CCB-19-1793 |
| J.O. SPICE AND CURE COMPANY, INC., | * |
| Defendant. | * |

## MEMORANDUM

Plaintiff Barbara Fisher brought this action against defendant J.O. Spice and Cure Company, Inc. ("J.O. Spice"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't § 20-606. Now pending is J.O. Spice's motion to dismiss or, in the alternative, motion for a more definite statement. The motion has been fully briefed, and no oral argument is necessary. For the reasons explained below, the motion will be granted.

## BACKGROUND

The following factual allegations are taken from the Complaint. From May 2000 until January 28, 2018, Fisher worked as a Small Packing Manager for J.O. Spice. (Compl. ¶ 8, ECF 1). On unspecified dates during this period, Donald Ports, one of the owners of J.O. Spice, and Steve Lewis, a supervisor, repeatedly made sexual comments in the workplace. (*Id.* ¶ 11). Ports also made obscene gestures, including "licking his tongue," and made sexual jokes when workers put gloves on. (*Id.* ¶ 12). On more than one occasion, Ports stated that he "knew what it was like to have sex with a fat person," discussed his wife's breasts, and generally spoke about women's bodies in a sexual and demeaning way. (*Id.* ¶ 12).

Beginning in 2005, Ports demanded that Fisher have sex with him. (Compl. ¶ 15). Fisher was a single mother who needed the job at J.O. Spice, and felt she had no choice but to acquiesce to Ports's demands. (*Id.* ¶ 16). From 2005 until approximately 2012, the two had sex about twice per month. (*Id.* ¶ 15). Fisher and Ports had sexual encounters at the Beltway Motel and during business trips. (*Id.* ¶ 18). Fisher asked her colleagues not to leave her alone with Ports but did not tell them about the sexual intercourse, as she feared she would lose her job. (*Id.* ¶ 19). After Fisher got married in 2010, Ports threatened to tell Fisher's husband about the sexual encounters, which Fisher interpreted as pressure to continue the sexual relationship. (*Id.* ¶ 21). Ports also stated on multiple occasions that he would deny the relationship if Fisher told Ports's wife. (*Id.* ¶ 20). Fisher experienced anxiety and emotional distress as a result of the workplace harassment. (*Id.* ¶ 22). Fisher's anxiety eventually became intolerable, and she ceased working at J.O. Spice on January 28, 2018. (*Id.*).

On August 16, 2018, Fisher filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Compl. ¶ 2). The EEOC issued a Right to Sue letter on March 20, 2018. (*Id.* ¶ 3). Fisher filed this lawsuit shortly thereafter, alleging one count of "Sexual Harassment/Hostile Work Environment" in violation of Title VII and FEPA. (*Id.* ¶¶ 25–30). J.O. Spice filed a motion to dismiss for failure to state a claim. (ECF 4). In the alternative, J.O. Spice requests that the court exercise its discretion under Federal Rule of Civil Procedure 12(e) to require Fisher to make a more definite statement of her claim.

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

2

(2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

Where a complaint "is so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading," Federal Rule of Civil Procedure 12(e) "allows a defendant to move for a more definite statement." *See Hodgson v. Virginia Baptists Hospital, Inc.*, 482 F.2d 821, 822–23 (4th Cir. 1973) (internal quotation marks and brackets omitted). "Such motions are designed to strike at unintelligibility rather than simple want of detail," and "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small." *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 479–80 (D. Md. 2019) (first quoting *Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, No. DKC-10-1704, 2010 WL 4449444, at *2 (D. Md. Nov. 4, 2010) (further citation omitted), then quoting 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.)).

## ANALYSIS

Title VII prohibits an employer from discriminating against an employee on the basis of,

3

*inter alia*, the employee's sex. 42 U.S.C. § 2000e-2(a). As "FEPA is the state law analogue of Title VII," the court will apply its analysis of Fisher's Title VII claim to her FEPA claim also. *See Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 408 n.1 (D. Md. 2015) (citing *Haas v. Lockheed Martin Corp.*, 396 Md. 469, 481–82 (2007)).[1] Title VII prohibits two types of workplace sexual harassment: (1) the creation of a hostile work environment due to severe or pervasive sexual harassment, and (2) *quid pro quo* sexual harassment. *Id.* at 411 (citation omitted). While Fisher claims she was subject to both types of harassment, (Compl. ¶¶ 27–28), she characterizes her case as "a hostile work environment case with a *quid pro quo* element." (Opp'n at 1, ECF 8).

In Maryland, a plaintiff alleging Title VII discrimination must file an administrative charge with the EEOC or with the Maryland Commission on Human Relations ("MCHR") within 300 days of the alleged misconduct. *See* 42 U.S.C. § 2000e-5(e)(1); *Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 F. App'x 256 (4th Cir. 2008).[2] Moreover, for a plaintiff's FEPA claim to be timely, she must file an administrative charge or a complaint "within 6 months after the date on which the alleged discriminatory act occurred." *Crockett v. SRA Int'l*, 943 F. Supp. 2d 565, 570 (D. Md. 2013) (quoting Md. Code, State Gov't § 20–1004(c)). In contrast to claims based on discrete acts of discrimination, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v.*

---

[1] In *Haas*, the Maryland Court of Appeals was analyzing Article 49B of the Maryland Code, which has since been re-codified without substantive change at § 20-606, the current FEPA statute. To be clear, a federal court's interpretation of Title VII is not binding on a Maryland state court's interpretation of Maryland's employment law. *See Haas*, 396 Md. at 482.

[2] Section 2000e-5(e)(1) states that while an employee typically only has 180 days to file a charge with the EEOC, the period is extended to 300 days "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). Maryland is a so-called "deferral state," meaning that an employee alleging discrimination has 300 days to file a claim either with the MCHR, the state deferral agency, or with the EEOC. *Valderrama*, 473 F. Supp. 2d at 662 n.4.

4

*Morgan*, 536 U.S. 101, 117 (2002). Accordingly, the Supreme Court has reasoned that an employer may be liable for an act occurring outside the statutory period under a theory of "continuing violation," where (1) the otherwise time-barred act is part of the hostile environment, and (2) the employee filed a charge within the statutory period for another act that is part of the hostile environment. *See Morgan*, 536 U.S. at 118; *accord Bell v. Univ. of Maryland Coll. Park Campus Facilities Mgmt.*, No. CV PX-17-1655, 2018 WL 3008325, at *6 (D. Md. June 14, 2018).[3] Fisher filed her administrative charge on August 16, 2018. For Title VII purposes, then, Fisher is required to allege acts occurring between October 20, 2017, and January 28, 2018. As Fisher's last day of work was on January 28, 2018, more than six months prior to the filing of the administrative charge, her FEPA claim appears to be time barred.

Fisher's allegation that Ports demanded sex in exchange for continued employment at J.O. Price is the *quid pro quo* element of her hostile work environment claim. *See Williams*, 86 F. Supp. 3d at 416–17 ("*Quid pro quo* sexual harassment occurs when an employer conditions, explicitly or implicitly, the receipt of a job benefit or a tangible job detriment on the employee's acceptance or rejection of sexual advances." (citation omitted)). A claim based solely on the *quid pro quo* sexual harassment, however, would be plainly time barred, as Fisher states that the last sexual encounter was in 2012. *See Morgan*, 536 U.S. at 113. She thus argues that the court should consider the *quid pro quo* claim as part of her hostile work environment claim, and that her charge was timely filed with the EEOC because the hostile work environment persisted until Fisher was constructively discharged on January 28, 2018.[4] (Reply at 1; Compl. ¶ 28). J.O. Spice

---

[3] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.
[4] In the employment discrimination context, "constructive discharge" occurs when "an employer discriminates against an employee to the point such that his working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016) (citation and quotation marks omitted).

5

counters that because Fisher does not adequately allege any acts occurring in the 300 days prior to the filing of her charge that evidence a hostile work environment, she fails to state a claim. (Mot. at 9–10).[5]

To state a claim for hostile work environment, "a plaintiff must show that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *E.E.O.C. v. Fairbrook Med. Clinic, P.A.*, 609 F.3d 320, 327 (4th Cir. 2010) (internal quotation marks and citation omitted). In determining whether alleged conduct was "severe or pervasive," the court "look[s] at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)) (quotation marks omitted).

Here, Fisher falls short of her requirement to show that any alleged conduct falling within the relevant time period was "severe or pervasive." To be clear, assuming that her employer coerced twice-monthly sexual acts in exchange for continued employment, that conduct was

---

[5] J.O. Spice also argues that because the *quid pro quo* sexual harassment, were it not time barred, would be independently actionable, it is the type of "discrete act" not subject to consideration in a hostile work environment claim. For this proposition, J.O. Spice relies on *E.E.O.C. v. Phase 2 Investments Inc.*, in which Chief Judge Bredar stated that "when a plaintiff brings a hostile work environment claim, that claim is timely if any of the acts, discrete or otherwise, occurred within the filing period, but the court can reach back and include only acts that occurred prior to the filing period if those acts are not 'discrete.'" 301 F. Supp. 3d 550, 575 (D. Md. 2018). *Phase 2 Investments* did not, however, involve allegations of *quid pro quo* sexual harassment. While Chief Judge Bredar noted that "[w]hat precisely delineates a 'discrete' act from a single act that nonetheless is part of an ongoing hostile work environment can be difficult to discern," *id.*, he explained that discrete acts are usually "acts such as termination, failure to promote, denial of transfer, or refusal to hire," *id.* (quoting *Morgan*, 122 S. Ct. at 114). For reasons that will become clear in this memorandum, however, the court need not decide whether Fisher's allegation of *quid pro quo* sexual harassment could be included as part of a hostile work environment claim.

severe, pervasive, and reprehensible. But that alleged conduct ended in 2012. Fisher states in a conclusory fashion that Ports and Lewis, "among others, repeatedly made pervasive, inappropriate sex-based comments in the workplace." (Compl. ¶ 11). But Fisher alleges only three comments in any detail; the others are simply described as "vulgar" or "explicit."[6] Fisher offers no indication of the frequency or timing of these comments, other than her use of the words "repeatedly" and "pervasively," (*id.* ¶¶ 10–12, 20, 27; Opp'n at 4 n.1), nor does she allege that the comments were directed specifically at her. *Cf. Fairbrook*, 609 F.3d at 328–29 ("[T]here is a difference between 'generalized' statements that pollute the work environment and 'personal gender-based remarks' that single out individuals for ridicule . . . Common experience teaches that the latter have a greater impact on their listeners and thus are more severe forms of harassment." (citation omitted)). Fisher provides even fewer details of the alleged "obscene gestures." (Compl. ¶ 12).[7] She does not allege how the harassment affected her, beyond stating that she experienced "anxiety and emotional distress," and that "the gender-based conduct [] was severe or pervasive such that it altered the terms and conditions of the working environment." (*Id.* ¶ 22–23). Fisher does not explain in any detail what led to her "constructive discharge" on January 28, 2018, approximately six years after the sexual encounters ceased.

Of course, a single incident of "extremely serious" harassment may, in some cases, give rise to a hostile work environment claim. *See Boyer-Liberto*, 786 F.3d at 280–81 (supervisor's use of an "unambiguously racial epithet" may create a hostile work environment, (collecting cases)). While Fisher's allegation of *quid pro quo* sexual harassment is indeed serious, it is time

---

[6] The only three comments alleged in any detail are: (1) Ports's "sexual jokes when workers would put gloves on"; (2) his statement that he "knew what it was like to have sex with a fat person"; and (3) his discussion of his wife's breasts. (Compl. ¶ 12).
[7] Fisher merely states that Ports "made obscene gestures through the window of his office, licking his tongue and making other obscene gestures." (Compl. ¶ 12).

7

barred, and Fisher has failed to adequately allege that "any act that is part of the hostile work environment" occurred within the 300 days prior to the filing of an administrative charge. *See Morgan*, 536 U.S. at 118. Indeed, Fisher does not specifically allege *any* harassing conduct that took place between 2012, when the sexual encounters ended, and January 28, 2018. Fisher states in her response to J.O. Spice's motion to dismiss that she has alleged "sexually degrading comments and conduct [that] occurred pervasively throughout [her] employment, which is inclusive of the [300 day] statutory period." (Opp'n at 4 n.1). As the court has explained, however, Fisher fails to describe the frequency or timing of these comments with any specificity.[8] The court cannot simply *assume* that an act contributing to the alleged hostile environment occurred within the statutory period based on Fisher's mere allegations that such acts were "repeated" and "pervasive." Accordingly, Fisher has failed to timely state a hostile work environment claim under Title VII.[9]

To the extent that Fisher states a separate claim of constructive discharge, that claim will also be dismissed. A claim of constructive discharge requires a plaintiff to "prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign." *Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016). As the court has explained, however, Fisher does not describe in any detail what led to her resignation on January 28, 2018, nor has she sufficiently stated a claim for hostile work environment. Fisher's assertion that "J.O. Spice Company's actions were intentional and a reasonable person

---

[8] The court notes that Fisher has not sought leave to amend her Complaint. In response to J.O. Spice's motion attacking the sufficiency of her factual allegations, Fisher simply states that she "has pled sexually degrading comments and behaviors that occurred during the statutory period." (Opp'n at 4). This suggests to the court that, even if given the opportunity, Fisher would be unable to provide further details of the alleged harassment. The court can only conclude that the entire universe of relevant factual allegations was pled in the Complaint, which are insufficient to state a claim.

[9] As the court will dismiss Fisher's case, it need not discuss the applicability of Rule 12(e).

in Ms. Fisher's circumstance would find the working conditions intolerable," (Compl. ¶ 28), is exactly the kind of "legal conclusion[] couched as facts or unwarranted inferences" that cannot survive a motion to dismiss. *See Takeda Pharm.*, 707 F.3d at 455. All claims in Fisher's case will thus be dismissed.

## CONCLUSION

For the foregoing reasons, J.O. Spice's motion to dismiss will be granted. A separate order follows.

___1/22/20___
Date

___CCB___
Catherine C. Blake
United States District Judge